**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JOEL GARCIA, | ) | CASE NO. 3:08-CV-00905 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| ERNIE MOORE, Warden | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

Petitioner, Joel Garcia ("Garcia"), challenges the constitutionality of his conviction in the case of *State v. Garcia*, Defiance County Court of Common Pleas Case No. 04-CR-09022. Garcia, *pro se*, filed a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on March 24, 2008, with the United States District Court for the Northern District of Ohio. On November 25, 2008, Warden Ernie Moore ("Respondent") filed a Motion to Dismiss alleging the statute of limitations had expired. (Doc. No. 10.) Garcia filed a Memorandum in Opposition on December 8, 2008. (Doc. No. 11.) These filings were followed by a Reply from Respondent and a Surreply from Garcia. (Doc. Nos. 12 & 13.) This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, it is recommended that Garcia's petition be DISMISSED.

## I.  Procedural History

### A.  Conviction

On September 2, 2004, the Defiance County Grand Jury charged Garcia with one count of cocaine possession in violation of Ohio Revised Code ("O.R.C.") § 2925.11(A)(C)(4)(f) together with a major drug offender specification, one count of cocaine trafficking in violation of O.R.C. § 2925.03(A)(2)(C)(4)(g) together with a major drug offender specification, one count of marijuana possession in violation of O.R.C. § 2925.11(A)(C)(3)(e), and one count of marijuana trafficking in violation of O.R.C. § 2925.03(A)(2)(C)(3)(e).  (Doc. No. 10, Exh. 1.)

Garcia, represented by counsel, pled guilty to cocaine possession as charged in count one of the indictment on November 18, 2004.  (Doc. No. 10, Exh. 3.)   He was sentenced to a term of nine years incarceration of which five were designated as mandatory.  (Doc. No. 10, Exh. 3.) The Judgment Entry was filed on November 24, 2004.  (Doc. No. 10, Exh. 3.)

### B.  Direct Appeal

Garcia did not file a direct appeal from his conviction or sentence.  Therefore, his conviction became final on December 27, 2004 when the time to file a direct appeal expired.

### C.  Petition for Postconviction Relief

On September 22, 2005, Garcia filed a petition for post-conviction relief arguing that his sentence was unconstitutional based on *Apprendi v. New Jersey*, 500 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004).  (Doc. No. 10, Exh. 4.)  After the State did not respond, Garcia filed a motion for summary judgment.  (Doc. No. 10, Exh. 5.)  On December 6, 2005, the trial court denied the petition as time-barred.  (Doc. No. 10, Exh. 6.)  The court further noted that Garcia's plea and sentence were specifically part of plea negotiations; and, that the

court imposed the state's sentencing recommendation despite having informed Garcia that it was not obligated to do so.[1] *Id.*

On January 6, 2006, Garcia filed a Notice of Appeal with the Third District Court of Appeals ("state appellate court"). (Doc. No. 10, Exh. 7.) On January 23, 2006, the state appellate court dismissed the appeal as untimely under Ohio App. R. 4(A). (Doc. No. 10, Exh. 8.) Garcia did not file an appeal with the Supreme Court of Ohio.

On April 11, 2006, Garcia filed a second petition for post-conviction relief arguing that his sentence was unconstitutional based on the Ohio Supreme's Court's application of *Blakely* to Ohio's sentencing statutes in *State v. Foster*, 845 N.E.2d 470, 494, 109 Ohio St.3d 1 (2006). (Doc. No. 10, Exh. 9.) On June 8, 2006, the trial court dismissed the petition and found Garcia's argument to be without merit. (Doc. 10, Exh. 11.)

On June 27, 2006, Garcia filed a Notice of Appeal with the state appellate court from the denial of his second post-conviction petition. (Doc. No. 10, Exh. 12.) On December 4, 2006, the state appellate court affirmed the trial court's dismissal, but did so on the basis that Garcia's petition was untimely filed. (Doc. No. 10, Exh. 16.)

On December 27, 2006, Garcia filed a Notice of Appeal with the Supreme Court of Ohio. (Doc. No. 10, Exh. 17.) On April 18, 2007, the Ohio Supreme Court issued an entry denying leave to appeal and dismissing the appeal as not involving any substantial constitutional question. (Doc. No. 10, Exh. 19.)

---

[1] Regardless of whether Garcia's plea is properly characterized as a negotiated plea, it is clear that the trial court informed Garcia, pursuant to Ohio Crim. R. 11, that he was subject to a sentence ranging anywhere from three to ten years imprisonment. Garcia accepted that he could be sentenced to a term up to ten years prior to pleading guilty. (Doc. No. 10, Exh. 3.)

### D. Federal Habeas Petition

On March 24, 2008, Garcia filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:

> GROUND ONE: Petitioner's sentence was unlawfully enhanced beyond the statutory maximum based upon judicial fact finding of elements not charged, and not found beyond a reasonable doubt and absent a valid jury waiver, in violation of due process and jury rights.
>
> SUPPORTING FACTS: The maximum permissible sentence that could be imposed on Petitioner was three years, absent additional elements being alleged and proven beyond a reasonable doubt. The maximum sentence was tripled based upon judicial fact finding of elements not alleged and not proven beyond a reasonable doubt.

(Doc. No. 1.)

## II. Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was

> initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

**A.     One-Year Limitation**

In the instant action, Respondent asserts that Garcia's petition is time-barred because he did not file within the one-year limitations period.  Respondent contends that Garcia's conviction became final on December 24, 2004, thirty (30) days after sentencing when the time to file a timely notice of appeal expired.  (Doc. No. 10 at 10.)  Respondent further contends that statutory tolling, even if applicable, would not save Garcia's untimely petition.  (Doc. No. 10 at 10-13.)

Garcia acknowledges that his petition was not timely filed.  (Doc. No. 13.)  Therefore, the Court need not address the timeliness issue.  Garcia, however, does argue that he is entitled to the benefit of equitable tolling.

**B.     Equitable Tolling**

Garcia bears the burden of proving that equitable tolling saves his otherwise untimely petition.  *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  In order to be entitled to equitable tolling, Garcia must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Garcia argues that neither the state nor his counsel informed him of his right to appeal his sentence. (Doc. Nos. 11 & 13.) Thus, Garcia argues that counsel's ineffectiveness and the court's failure to advise him of his rights constitute a state-created impediment. *Id*. His argument that there was an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States" is technically not appropriate for equitable tolling. It is more appropriate for an argument that the statute of limitations should begin running at a later date. *See* 28 U.S.C. § 2244(d)(1)(B).

Whether the Court considers Garcia's argument as one involving (1) equitable tolling; or, (2) one where the beginning of the limitations period should be delayed due to either a state-created impediment, or the later discovery of a factual predicate, pursuant to 28 U.S.C. § 2244(d)(1), it is without merit. He first raised the argument contained in his sole ground for habeas relief on September 22, 2005 in a petition for post-conviction relief. That petition was dismissed as untimely on December 6, 2005. Garcia made no attempt to appeal the dismissal of his first post-conviction petition to the Ohio Supreme Court or seek a delayed appeal from his original sentence. Clearly, sometime before September 22, 2005, any impediment created by state action would have been removed and Garcia fully understood the factual predicate of his later filed federal habeas claim. Further, if equitable tolling should be applied at all, there would be no reason for it to continue beyond September 22, 2005. Garcia's habeas petition was not filed until March 24, 2008, approximately two and a half years later.

Going even further, using the date that the dismissal of Garcia's first post-conviction petition became final by the expiration of the time to seek review, March 9, 2006, as the beginning date for the statute of limitations, his petition is still untimely. Although Garcia filed a second post-

-6-

conviction petition, which he appealed all the way to the Ohio Supreme Court, he would not be entitled to any statutory tolling because his second petition was found to be untimely by the state appellate court. *See, e.g., Allen v. Siebert*, 128 S. Ct. 2, 3 (U.S. 2007) (Only "properly filed" applications for post-conviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)."); *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007) (If a state court ultimately denies a petition as untimely, that petition was "neither properly filed nor pending" and a petitioner would not be entitled to statutory tolling.); *Harrison v. Campbell*, 2007 U.S. App. LEXIS 26986 (9th Cir. 2007); *Rucker v. Bell*, 2008 U.S. Dist. LEXIS 389 (E.D. Tenn. Jan. 2, 2008).[2]

Thus, Garcia cannot show that he was diligently pursuing his rights. A good argument can be made that the limitation period for federal habeas relief began on December 27, 2004 and that the period was not tolled by either untimely petition for post-conviction relief. That aside, his argument that he was unaware of his appellate rights, such as they were, disappears, at the latest, after the expiration of his appellate rights from the dismissal of his first post-conviction petition. Nothing prevented him from seeking habeas relief within a year of that date. He chose, instead, to file a second untimely post-conviction petition with the trial court. His history of untimely filings

---

[2] Though not entitled to statutory tolling during the pendency and appeal of his second petition for post-conviction relief, Garcia's petition would still be untimely if he were credited with such tolling. Thirty-two (32) days elapsed from March 9, 2006 – the last date he could have filed a timely appeal with the Supreme Court of Ohio from the dismissal of his first petition for post-conviction relief – and the filing of his second post-conviction petition. After the Ohio Supreme Court ultimately rejected his appeal from his second post-conviction petition on April 18, 2007, three-hundred and forty (340) days elapsed until the filing of his habeas petition. Combining these periods, three-hundred and seventy-two (372) elapsed.

in the state courts is not indicative of diligent pursuit of his legal rights.  *See Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003), *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (A court should be "much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights."); *accord Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Garrison v. Warren Corr. Inst.*, 1999 U.S. App. LEXIS 13314 (6th Cir. Jun. 10, 1999).  As such, the Court finds that Garcia has failed to meet his burden justifying equitable tolling and the instant petition should be dismissed as untimely.

### III.  Conclusion

For the foregoing reasons, it is recommended that this matter be DISMISSED as time barred.

s/ *Greg White*
U.S. Magistrate Judge

Date: April 15, 2009

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**